## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4205 | **DATE** | 8/15/2008 |
| **CASE TITLE** | Beasley v. UAW Union - Local 3212 | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, we grant Plaintiff's motion to proceed *in forma pauperis* (4) and deny her motion for appointment of counsel. (5) It is so ordered. The Clerk of the Court is directed to issue summons and complaint to the U.S. Marshal's Service for service on defendant. A status hearing is set for 9/25/08 at 10:30 a.m.

*[signature: Marvin E Aspen]*

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff Nadeja Beasley ("Plaintiff") filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. Her Complaint alleges that UAW Union Local 3212 ("Defendant") violated Section 301 of the Labor Management Relations Act ("LMRA"). Before granting leave to file *in forma pauperis*, we must first determine whether Plaintiff is indigent. 28 U.S.C. § 1915(a)(1). We also review her complaint and dismiss it if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim under Rule 12(b)(6); or (3) it seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii). Pursuant to Rule 12(b)(6), we may dismiss a complaint if it fails to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," or if it fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). However, because Plaintiff proceeds *pro se*, we have a special responsibility to construe the complaint liberally, however inartfully pleaded. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

     With regard to her allegation of poverty, Plaintiff submitted a financial affidavit, stating that she is currently unemployed, does not have more than $200 in a cash, checking, or savings account, and that she has one son, Kendall Sprout, who is dependent on her for support. While her affidavit indicates that she has received at least one $230 unemployment check in the last twelve months, she has attached an Illinois Department of Labor Employment Security statement indicating that she may receive as much as $215 per week. Even assuming the latter is true, her annual income is still below the poverty threshold of $14,000 for a two-person household. (*See* 2008 Health and Human Services Poverty Guidelines). We therefore find that her allegation of poverty is true.

     Next we review the sufficiency of her complaint. As an initial note, while Plaintiff submitted a form "Complaint of Employment Discrimination," she does not appear to be pursuing an age, color, disability, national origin, race, religion, or sex claim under Title VII as she did not check any of the above boxes in her Complaint. (Compl. ¶ 9). Instead, she states that she is entitled to backpay because Defendant violated "301 - Failure to represent in good faith" by denying her a union attorney during an arbitration proceeding. (*Id.* ¶¶ 12-13). She

**STATEMENT**

further alleges that the union is providing "another individual" with this representation. (*Id.* ¶ 13). From these allegations, we can infer that she is pursuing a claim under Section 301 of the LMRA, which provides the jurisdictional basis for suits alleging breach of a union's duty of fair representation. *See Daniels v. Pipefitters' Ass'n Local Union No. 597*, 945 F.2d 906, 921 (7th Cir. 1991); *see also* 29 U.S.C. § 185.

To state a claim for breach of the duty of fair representation, Plaintiff must allege: (1) that the underlying grievance was meritorious; and (2) that the union's conduct was 'arbitrary, discriminatory, or in bad faith.'" *Howard v. Local 152 of the Int'l Constr. & Gen. Laborers' Union of Am.*, 999 F. Supp. 1213, 1216 (N.D. Ill. 1998) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 916-17 (1967)). Given that we must interpret her Complaint liberally, we find that she has alleged sufficiently her entitlement to backpay as well as possible discriminatory conduct by Defendant. While minimal, we find that her allegations give Defendant sufficient notice as to the nature of her claim at this stage of the proceedings. *See* Fed. R. Civ. P. 8(a).

Plaintiff has also filed a motion for appointment of counsel. Under 28 U.S.C. § 1915(e), we may appoint counsel to an indigent party. We first observe that civil litigants have no constitutional or statutory right to representation by court-appointed counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In order for this court to grant a motion for appointment of counsel, the litigant must: (1) make a reasonable attempt to obtain private counsel, *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), and (2) appear incapable of proceeding without representation, *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

We typically require a litigant to submit documentation that demonstrates the refusal of various attorneys to accept the case. Plaintiff, however, did not support her motion by attaching copies of any solicitation letters or other documentation. *See Benford v. Cahill-Masching*, No. 03 C 2643, 2003 WL 22669036, at *1 (N.D. Ill. Nov. 10, 2003). Furthermore, while she indicates that she has contacted one attorney at Maduff & Maduff, LLC, we do not find such an effort sufficient. Thus, she has not made the threshold showing for appointment of counsel.

For the foregoing reasons, we grant Plaintiff's motion to proceed *in forma pauperis* and deny her motion for appointment of counsel. It is so ordered.